IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW LAWRENCE CHAPPELL,

    Petitioner,      No. CIV S-10-0139 KJM EFB P

  vs.

GARY SWARTHOUT, et al.,

    Respondents.      FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner, a prisoner without counsel, has filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss this action on the grounds that the petition is moot and unexhausted. Dckt. No. 11. For the reasons explained below, the court recommends that this action be dismissed as moot.

**1.**    **Procedural Background**

    In 1994, petitioner was convicted of second degree murder with an enhancement for use of a firearm. Pet. at 1. He is serving a sentence of 18 years to life. *Id.*

    Petitioner became eligible for parole on May 25, 2006. *Id.* at 6D. On February 7, 2007, the Board of Parole Hearings ("Board") found petitioner suitable for parole at his initial parole consideration hearing. *Id.* On June 14, 2007, the Governor reversed the Board's grant of parole. *Id.* at 6D-6E; Resp.'s Mot. to Dism. ("Mot."), Ex. 1 at Ex. B.

1

1   On February 20, 2008, petitioner challenged the Governor's reversal in a petition for writ
2 of habeas corpus filed in the Sacramento County Superior Court. *Id.*, Ex. 1.  In addition to his
3 claim that the Governor's reversal was unlawful, petitioner alleged that the Board lacked
4 jurisdiction to extend his sentence beyond the minimum eligible parole date when it failed to
5 provide a timely initial parole consideration hearing in accordance with California Penal Code
6 section 3041(a).  *Id.*, Ex. 1 (Mem. of P. & A.) at 1-2.

7   The superior court granted the petition, vacated the Governor's June 2007 decision, and
8 remanded the matter to the Governor "for further consideration in light of *In re Lawrence*,
9 (2008) 44 Cal. 4th 1181 and *In re Shaputis*, (2008) 44 Cal. 4th 1241."  *Id.*, Ex. 2 at 1-2.

10   After the superior court granted his petition, petitioner filed petitions in the California
11 Court of Appeal, Third Appellate District, and in the California Supreme Court.  *Id.*, Exs. 3, 5.
12 In these petitions, petitioner again claimed that the Board lost jurisdiction to extend petitioner's
13 confinement when it failed to conduct a timely parole consideration hearing and that the
14 Governor's 2007 reversal violated due process.  *Id.*, Ex. 3 at 7, Ex. 5 at 7.  Petitioner also claimed
15 that the proper remedy was to reinstate the release date established by the Board, rather than to
16 remand to the Governor for further consideration.  *Id.*, Ex. 3 at 7, Ex. 5 at 7.  Both of these
17 petitions were summarily denied.  *Id.*, Exs. 4, 6.

18   On June 11, 2008, petitioner received his second parole suitability hearing.  *Id.*, Ex. 7.  At
19 this hearing, the Board found petitioner unsuitable for parole.  *Id.*

20   On September 29, 2009, the Governor issued a remanded decision, again reversing the
21 Board's 2007 decision to grant petitioner parole.  *Id.*, Ex. 8.

22   On January 19, 2010, petitioner filed the instant petition.  Dckt. No. 1.  On May 3, 2010,
23 respondent filed the pending motion to dismiss.  Dckt. No. 11.

24 **II.   Analysis**

25   Petitioner alleges that his initial parole consideration hearing was untimely.  He alleges
26 that the Board's failure to timely conduct the hearing deprived the Board of its jurisdiction and

invalidated any action by the Board or the Governor that extended petitioner's confinement. Pet., Mem. of P. & A. in Supp. Thereof at 1.

Respondent argues that the most favorable outcome petitioner could have hoped for in the event of an untimely hearing, was for an order directing the Board to hold a hearing. Mot. at 3. Respondent argues that this claim is now moot because the Board held a hearing in 2007 and again in 2008. *Id.* Thus, respondent argues, petitioner has received all the process that is due. *Id.* Respondent also points out, without expanding on its legal significance, that the state courts denied this claim. *Id.*

The case or controversy requirement of Article III of the United States Constitution deprives a court of jurisdiction to hear moot cases. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotations omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). The party asserting mootness bears the burden of establishing that there is no "effective relief remaining that the court could provide." *Southern Oreg. Barter Fair v. Jackson County*, 372 F.3d 1128, 1134 (9th Cir. 2004).

Petitioner's contention that the alleged delay in holding his initial parole hearing violated state law, thereby depriving the Board of jurisdiction, cannot merit federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (state law violations not cognizable on federal habeas corpus). Moreover, respondent is correct that the remedy for the Board's failure to hold a timely parole hearing is for the court to order a parole suitability hearing. Because petitioner has now received at least two parole suitability hearings, the instant claim is moot. *See, e.g., Jackson v. Carey*, 2010 U.S. Dist. LEXIS 69719, at *31-32 (E.D. Cal. July 12, 2010); *McConnell v.*

*Hartley*, 2010 U.S. Dist. LEXIS 14240, at *5 (E.D. Cal. Feb. 17, 2010).

Petitioner also alleges that the Governor's 2007 reversal of the Board's grant of parole violated his due process rights, and that the proper remedy for this violation was not to remand to the Governor for further consideration, but to reinstate the parole release date established by the Board. Pet. at 6A.

Respondent asserts that "[t]here is no case or controversy when a state court petition is granted," and because the superior court petition was granted, petitioner therefore "received all process due." Mot. at 4. Respondent's motion does not address petitioner's claim regarding whether remand to the Governor was the proper remedy after the superior court vacated the Governor's June 2007 decision.

"In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481, (1982) (internal quotations omitted). With respect to petitioner's due process challenge to the Governor's 2007 reversal, there is no live controversy. The Governor's 2007 reversal was vacated, and has since been replaced by the Governor's 2009 order on remand. Therefore, this claim is moot.

However, petitioner also claims that upon vacating the Governor's 2007 reversal, the proper remedy was to reinstate the release date set by the Board. Under California law, when a court concludes there is no evidence of current dangerousness to support the Governor's reversal of the Board's parole suitability finding, remand to the Governor is not the appropriate remedy. *See In re McDonald*, 189 Cal.App.4th 1008, 1023-25 (distinguishing *In re Prather*, 50 Cal.4th 238 (2010), which required remand to the Board where the Board denied parole and a reviewing court subsequently disagrees, and citing to *Lawrence*, which addressed a Governor's reversal and ordered the inmate's immediate release without return to the Governor for further consideration). Here, however, the superior court did not conclude that there was no evidence of current dangerousness to support the Governor's reversal. Rather, the superior court reasoned that

4

"because both the Board and the Governor made their decisions before *Lawrence* and *Shaputis* were handed down, it is difficult to say how they would have evaluated this case in light of those decisions." Mot., Ex. 2 at 12.  The court determined "that the Governor's written decision fail[ed] to show that the reversal was based on petitioner's current dangerousness," and that it "remain[ed] unclear whether petitioner lack[ed] insight into the murder for which he was convicted." *Id.*, Ex. 2 at 1-2.  Thus, the superior court granted the petition based on intervening law, and remanded the matter to the Governor "for further consideration in light of *In re Lawrence*, (2008) 44 Cal. 4th 1181 and *In re Shaputis*, (2008) 44 Cal. 4th 1241." *Id.*, Ex. 2 at 1-2.  Under these circumstances, remand to the Governor was a proper remedy.[1] *See In re Ross*, 170 Cal. App. 4th 1490, 1498 (2009) ("Because *Lawrence* requires more of an explanation than did [*In re Rosenkrantz*, 29 Cal.4th 616 (2002)], which was the controlling law when the Governor made the parole decision in this case, we conclude that the appropriate disposition is to remand this case to the Governor for further proceedings consistent with the standards articulated in *Lawrence* . . . .").

Given that the superior court vacated the Governor's 2007 order of reversal, and properly remanded the matter to the Governor for further consideration in light of intervening law, there is no further relief that this court can afford petitioner with respect to the Governor's 2007 reversal. Therefore, the petition is moot and respondent's motion to dismiss should be granted.[2]

////

---

[1] Moreover, to the extent that petitioner claims that remand was contrary to state law the claim is beyond the reach of federal habeas corpus relief.  *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at 4 (Jan. 24, 2011).

[2] Respondent also moved to dismiss on the grounds that petitioner had not exhausted his state court remedies as to the Governor's 2009 remanded decision.  Mot. at 4-5.  That argument lacks merits because petitioner does not challenge the Governor's 2009 remanded decision in this action.  Moreover, exhaustion as to the 2009 decision is not necessary for the court's consideration of the 2007 decision.  Court records reflect that petitioner has filed a separate habeas petition challenging the Governor's 2009 decision.  *See Chappell v. Swarthout*, 2:10-cv-03121-EFB, Dckt. No. 1.

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1. Respondent's May 3, 2010 motion to dismiss be granted;

3    2. The petition be dismissed for failure to state a claim; and

4    3. The Clerk be directed to close the case.

5    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: February 10, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE